Derbigny, J.
delivered the opinion of the court. The plaintiff says that he is a brother and one of the heirs at law of the late Cesar Augustin Frideau, of whom the defendant is the widow, and that he is entitled to his share of the estate left by his brother, notwithstanding the reciprocal donation which his said brother and the present defendant had made to one another, by their marriage contract, of all the property of which either of them might first die possessed; because that donation was to have effect only in case no children should be born of the said marriage, and a child *708 was born of it; and that although the child died, before his father, the donation was revoked.
West'n District.
September, 1820.
The general rule, in matters of donations, is that they stand revoked by the birth of a child of the donor, even where no stipulation to that effect has been made; and that after such revocation, the donation cannot revive by the death of the child. Civil Code 274, art. 74 & 78. An exception to this rule is introduced in favour of donations, made on account of the marriage, by the ancestors of the husband or wife, or by and between the husband or wife. This we understand to apply to cases, where it has not been stipulated, that the donation shall stand revoked by the birth of a child; for where such a condition is annexed to the donation, the exception established by law is done away by the will of the parties. Here the parties have chosen to do that which, in other cases, is done by operation of law alone. It appears to us that the consequence must be the same.
The defendant thinks, that by referring to the custom of Paris, from which it is believed, that the practice of those mutual donations has derived, we will find that, provided there exists no child, at the death of the donor, the donation has its effects. But It must be adverted that it is so observed, under the *709 custom of Paris, in matters of don mutuel or donation of usufruct, not from the interpretation or construction of any law similar to ours, but from the positive provision of the custom itself, which says, that the don mutuel shall however take effect, if at the death of the donor there exists no child. As we have no such law, we must be governed by the general principles, in matters of donation, and by the expressions in the contract.
Bullard for the plaintiff, Murray for the defendant.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.